UNITED STATES `DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT E. EASTWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-204-TWP-DKL |
| | ) | |
| KATHY GRIFFIN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Regarding Pending Matters and Order to Show Cause**

**I.**

Petitioner Robert Eastwood is a state of prisoner, who seeks habeas corpus relief with respect to his conviction in an Indiana state court. At the conclusion of his cover letter, Mr. Eastwood writes: "If possible, can I be assigned an attorney?"

The habeas petition shows that the petitioner has an understanding of his habeas claims and, just as importantly, of proceedings in the Indiana state courts. Indeed, he represented himself in the appeal from the denial of his petition for post-conviction relief. Nothing likely to emerge appears to be beyond the petitioner's ability to present. These are not circumstances showing that it is in the interests of justice that counsel be appointed to represent the petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). The motion for appointment of counsel [dkt 3] is therefore **DENIED.**

## II.

With respect to his Petition, clarification is needed. "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The three exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. *Id.* at 100 (citing 28 U.S.C. §§ 2254(d)(1), (2)); *see also O'Quinn v. Spiller*, No. 14-1836, 2015 WL 7568443, at *1 (7th Cir. Nov. 25, 2015)("We ask only whether the [state court's] decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.'")(quoting 28 U.S.C. § 2254(d)(1), (2). This means, among other things, that "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010).

The petitioner has offered freestanding claims. This will not do. He shall have through **March 15, 2016** in which to (1) *identify* which of his habeas claims were decided on the merits in the Indiana state courts and (2) *explain* as to each such claim whether and in what way the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

**III.**

The petitioner's custodian is directed to answer the allegations of the petitioner's petition for a writ of habeas corpus, and in doing so shall **show cause** why the relief sought by the petitioner should not be granted. This shall be done within **twenty (20) days** after the date this Entry is docketed. The respondent's return to order to show cause and any similar memorandum shall incorporate the court's hyperlink tool.

The petitioner shall have **twenty (20) days** after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

IT IS SO ORDERED.

Date: 2/5/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT E. EASTWOOD
220911
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

habeas@atg.in.gov